## CHAMBERS & COMPANY vs. WALKER.

1. A ground of a motion for new trial, that " the charge of the court, as a whole, is not a full and fair presentation of the law of the case," is not sufficiently specific. The charge in this case does appear to be full and fair.

2. The court fairly and correctly stated the contention of the plaintiff and the issues involved. It is not expressing an opinion as to

what has been proved to state what the positions of the plaintiff are as to defences made, nor is a charge objectionable as argumentative which states them clearly and fully.

3. It is not error to state to the jury that a mortgage was foreclosed by plaintiff below upon certain personal property of the defendants, the affidavit filed by the defendants stating that there was a mortgage foreclosed, and the contents of the mortgage and affidavit of foreclosure having been proved on the trial.

4. An exception that "the verdict is contrary to the charge of the court, in this," etc., is equivalent to the exception that it is contrary to law.

5. Under the pleading and facts of the case, the following charge was not erroneous: "If you should believe from the evidence that the contract between the parties was as the defendants say, and that the consideration in part of the written promise of the defendants sued upon was the good will and influence of the business in which the plaintiff was engaged, and an agreement on the plaintiff's part to remain with his stock at defendants' stable until April 1st, 1886, and to use his influence to induce stock dealers to patronize said stables, and he did not comply with the contract, but on the contrary withdrew his own patronage from the defendants, and exerted his influence to dissuade others from extending their patronage to defendants, and any injury came to defendants, it would be your duty, as to this issue, to allow the defendants such damages as they show by evidence that they have sustained." The latter part of the charge is sufficiently disjunctive as to the breaches of contract, and the charge as to allowing such damage as was shown by the evidence to have been sustained, meant such damages as were sustained by a non-performance on part of plaintiff of the conditions of the contract.

6. A request to charge that, "if there was a sale of good will and trade, plaintiff would be responsible for breach of contract for the sale of good will, even though it should appear from evidence that the property, irrespective of good will, was worth the full amount of purchase money, or even more," was properly refused. It was too general, not stating how or for what damages plaintiff would be responsible. Besides the request is covered by the general charge given.

7. Where it is sought to foreclose a mortgage for purchase money on certain personalty, and defendants set up that the consideration of their purchase was not only the property, but good will, trade and friendly influence of the seller and mortgagee, and that he has violated his contract as to these, the case is not one in which a charge on the subject of nominal damages is necessary or proper. If plaintiff violated the contract and defendants were injured, they could set off whatever actual damages they sustained, but no other damages.

8. That certain evidence was not admissible "at that stage of the case" is not a good ground for new trial, it not being stated at what stage it was admitted, or what was the error in admitting it, and it appearing that it was admissible evidence at some stage of the case.

9, 10. Assignments of error as to the admission of testimony should be specific. It is not sufficient to simply say that the testimony was irrelevant.

11. Testimony as to the private understanding or individual opinion of one of the parties to a written contract, as to what he thought he was getting by the contract, was properly excluded.

12. As to whether counsel for defendants were entitled to open and close the argument in such a case as this, is a serious question, under some rulings of this court, but the denial of such right in this case does not call for the grant of a new trial.

13. Where a copy of the lost mortgage was admitted in evidence, it does not seem that it was necessary that the mortgage should be established as part of the pleadings (both the mortgage and the affidavit of foreclosure having been lost). While it would have been better to have had the affidavit so established, if it were lost, yet when evidence for plaintiff was admitted, no objection seems to have been made on the ground that these papers had not been established.

14. The verdict was in accordance with law and evidence.

15. It is contrary to law to send to this court the stenographic report of the oral testimony, with questions and answers of witnesses in full, instead of "the brief of the testimony," which the law requires. This case might properly be dismissed for violation of this rule of law. Attention has frequently been called to this bad practice, but the appeals made to the courts below on this subject have been to a great extent disregarded. An effort will be made to protect this court against such methods of preparing the record.

April 23, 1888.

Charge of court. Exceptions. Practice. Contracts. Damages. Evidence. Burden of proof. Brief of evidence. Before Judge MARSHALL J. CLARKE. Fulton superior court. October term, 1887.

Reported in the decision.

J. C. JENKINS and MAYSON & HILL, for plaintiff in error

T. P. WESTMORELAND, *contra*.

BLANDFORD, Justice.

Walker foreclosed a mortgage on certain personal property belonging to Chambers & Co., and execution was issued and levied thereon. One of the firm of Chambers & Co. filed in their behalf an affidavit in the nature of an illegality, in which he set up by way of defence the non-performance by Walker of a contract which he had made with them at the time the mortgage was given, the mortgage being upon certain horses, mules, carriages, etc., which Walker had sold to them. They insisted that Walker had also sold out the good will of the livery stable business in which this property was employed, and had agreed to aid them in securing patronage; and that Walker had violated his contract; by reason of which he had damaged them to the amount of the mortgage.

A great deal of evidence was heard on the trial of the case, much of which was immaterial, and the jury found a verdict in favor of Walker. Chambers & Co. moved for a new trial, on seventeen grounds; the motion was overruled, and they excepted.

The first three grounds are the ordinary grounds, that the verdict is contrary to law and to the evidence.

1. The 4th ground is, that "the charge of the court, as a whole, is not a full and fair presentation of the law of the case." There is nothing in this ground. It fails to point out wherein the charge is not a full and fair presentation of the law of the case; if there was error in this respect, the plaintiff in error should have pointed it out. It appears to us that the charge was a full and fair presentation of the law applicable to the facts of the case.

2. The 5th ground of the motion is, "5th. Because the court erred in charging the jury as follows: 'The plaintiff says in reply to this latter defence, that it is untrue. He says there was no agreement between him and the defendants beyond a mere sale to them of the property in question for a stipulated price. He moreover says that,

while he did not contract to use his influence for the bene-
fit of defendants, and therefore was not bound to do so, he
has not in fact done anything to deter others from pat-
ronizing him; and that while he was under no agreement
to remain with his own stock, he left there only because
the defendants refused to feed them at the agreed rate.'
The errors being, (1) that the above charge is argumenta-
tive, and presents the case more favorably for the plaintiff
than he was entitled to; (2) it is opinion on what has
been proved in the case; (3) it is an unfair and incorrect
presentation of the issues involved." We think the court
fairly and correctly stated the contention of the plaintiff
and the issues involved, and that he expressed no opinion
as to what had been proved one way or the other.

3. The 6th ground is, " 6th. Because the court erred in
charging the jury as follows : ' The plaintiff here, B. F. Wal-
ker, foreclosed a mortgage upon certain personal property,
against the defendants, Chambers & Co.' The error being,
(1) that said charge assumed a fact in issue as proved,
and it is therefore an opinion on the evidence; (2) this
assumption and above charge is not sustained by the evi-
dence."

The affidavit presented by the plaintiffs in error them-
selves states that there was a mortgage foreclosed; and
the contents of the mortgage and of the affidavit of fore-
closure (which had been lost) were proved on the trial by
Mr. Westmoreland, counsel for the plaintiff. We there-
fore do not think this statement in the charge was error.

4. The 7th ground is, " 7th. Because the verdict of the
jury is contrary to the charge of the court, in this," etc.
This is equivalent to s aying that the verdict is contrary to
law, and we will not speci fically notice this ground.

5. The 8th ground is, " 8th. Because the court erred in
charging the jury as follows: ' If you should believe from
the evidence that the contract between the parties was as
the defendants say, an d that the consideration in part of
the written pro mise of the defendants sued upon was the

good will and influence of the business in which the plain-tiff was engaged, and an agreement on the plaintiff's part to remain with his stock at defendants' stable until April 1st, 1886, and to use his influence to induce stock dealers to patronize said stables, and he did not comply with the contract, but on the contrary, withdrew his own patronage from the defendants and exerted his influence to dissuade others from extending their patronage to defendants, and any injury came to defendants, it would be your duty, as to this issue, to allow the defendants such damages as they show by evidence that they have sustained.' The errors being, that the court charged, (1) that the several breaches of contract must happen conjunctively, in order that de-fendants could recover any damages; (2) the issue was not alone that the plaintiff, Walker, exerted his influence to dissuade others from extending their patronage to de-fendants, but that the plaintiff, Walker, did not exert his influence in favor of the defendants; (3) if this charge is intended to be the rule for ascertaining the damages suf-fered by the defendants, it is erroneous, because it does not cover the issue as stated in the second exception of this ground for new trial."

We do not think there is anything in this ground of the motion. Under the pleadings and facts of this case, we see no error in the charge complained of. We think the latter part of the charge is sufficiently disjunctive as to the breaches of contract; the court charged the jury that it would be their duty as to this issue to allow the defend-ants such damages as they showed by the evidence they had sustained; which meant, such damages as were sus-tained by any non-performance on the part of the plain-tiff of the conditions of the contract.

6. The 9th ground of the motion is, ".9th. Because the court erred in refusing to give the following written charge requested by counsel for defendants, to-wit: 'If there was a sale of good will and trade, plaintiff would be responsi-ble for breach of the contract for the sale of good will,

even though it should appear from evidence that the property, irrespective of good will, was worth the full amount of purchase money, or even more.' "

We think this request was too general; and besides, that it is covered fully in the general charge of the court. The court is requested to charge the jury that, in a certain event, the plaintiff " would be responsible for breach of the contract." Responsible how? If the request had gone further, and said "responsible for such damages as the proof showed they had sustained," it would have been sufficiently specific, and a good request. As it stood, it was calculated to mislead the jury.

7. The 10th ground is, " 10th. Because the court erred in charging the jury as follows, to-wit: 'If the contract was as they (defendants) insist, and there was a breach, but no damages are shown to have been suffered by the defendants, you should find in respect to this issue in favor of the plaintiff.' In that the court utterly excludes all idea of nominal damages, and charges substantially that they cannot be recovered in this case, even if a breach of contract is proved." The defendants insisted that they were entitled to nominal damages, as an offset to the plaintiff's claim. We apprehend that nominal damages do not apply to a case like this; actual damage must be shown; if the plaintiff violated the contract and the defendants were injured, they were entitled to set off against the plaintiff's claim whatever damage they sustained, and no other damages could be recovered.

8. The 11th ground is, " 11th. Because the court erred in admitting the copy note and mortgage, over objection of defendants; the error being that they were not admissible at that stage of the case." This ground does not set out at what stage of the case the note and mortgage were admitted; and how it was that the court committed error in admitting them. They were admissible at some stage of the case; and we do not see wherein the court erred as complained of in this ground of the motion.

9. The 12th ground is, "12th. Because the court erred in admitting the testimony of witness W. R. Ware, over objection of defendant, said evidence being irrelevant."

This is not a good assignment of error. It fails to state in what respect the evidence is irrelevant. Counsel cannot expect this court, upon such a general assignment, to look through this large record containing nearly three hundred pages, to ascertain whether testimony is relevant or not; it is the duty of counsel to plainly and distinctly set forth the errors complained of.

10. The 13th ground is, "13th. Because the court erred in admitting the following testimony by witness, A. J. Moses, over defendants' objection:

Q. Do you know anything about Mr. Walker endeavoring to influence any stock dealers or anybody else not to go to Chambers & Co's stables? A. No, sir. I don't know anything about it.—Objected to. Col. Westmoreland stated that he would like to ask the witness as to his knowledge of Mr. Walker's influencing stock men not to go to Chambers & Co's stables. Mr. Jenkins objected to the question.

By the Court: Were you bringing stock to this market to feed before that time? A. Yes, sir.

By the Court: Now you can ask him.

By Col. Westmoreland: During that time did you know Mr. Walker to do or say anything to influence stock men not to go to Chambers & Co's? A. No, sir; I never did.

These answers being utterly irrelevant."

We do not see the relevancy of this testimony, but we cannot say that the court erred in admitting it. The plaintiff in error fails to show in what respect it is irrelevant. This ground is not made out as the law requires.

The 14th ground complains of the admission by the court of the testimony of Brady, over objection by the defendants. This testimony is to the same effect as that of Moses, set out in the 13th ground, and is also objected to as irrelevant, and what we have said in relation to that ground will dispose of this.

11. The 15th ground is, "15th. Because the court erred in excluding the following testimony of the defendant, G. B. Nazarenus:

Q. What was it agreed to give the $4,050 for? What was it on your part? A. We expected to be benefited.

Col. Westmoreland objected.

By Mr. Jenkins: I am attempting to show that they did not foreclose simply the property, but the good will of the concern, the patronage, etc.

By the Court: The rights of these parties must be regulated by the contract they made. You can ask him what were the terms of the contract. What private understanding he had in his own mind would not be of any consequence. You can ask him about the value of the property as you have already done.

The question and expected testimony were admissible both as being part of the *res gesta*, and as being the understanding of one party to the contract in issue."

We think the court was right in his ruling, and that he put it upon the proper ground.

12. The 16th ground is, "16th. Because the court erred in denying defendant's counsel the opening and closing argument, the burden of proof being on the defendant to show breach of contract and damage resulting therefrom."

This is somewhat a serious question, under some rulings of this court. The plaintiff in the court below opened the case, and the burden rested on him to make out his case, in my opinion, as it rests on the plaintiff in every case; but we do not think the error complained of in this ground was such as to call for the grant of a new trial in this case.

13. The 17th ground is, "17th. Because the court erred in not requiring the plaintiff to establish a copy of the affidavit of foreclosure and the mortgage, both lost, as a part of the pleading and record in said case."

We do not know that it was absolutely necessary that the mortgage should be established; there appears to have been a copy of it admitted in evidence, possibly a certified copy from the records of the court; and while we think it would have been better to have had the affidavit, if it was lost, established, yet at the time the evidence was admitted, no objection of this kind, so far as appears from the record, was made by counsel for the defendant.

14. As to the general grounds of the motion, we think

the verdict of the jury was in accordance with the law and the evidence in this case, and we think the court did right in refusing to grant a new trial.

15. We think the record in this case was not a proper record to come to this court. Instead of containing a brief of the oral evidence, as the law requires, there is a voluminous stenographic report of questions and answers and the whole proceedings in the court below, covering nearly three hundred pages; all of which, I venture to say, if properly set out in narrative form might be included in a brief of twenty-five or thirty pages. We have frequently called the attention of judges of the superior courts to this vicious practice, which is in violation of the rules of their own courts as incorporated in the code. It imposes a great burden on this court, when a record is sent here in such shape as this, to look through it and sift it and see what is in it; it is like looking for a needle in a haystack. In this case, I think we would be justified, under the law, in dismissing the writ of error, on account of the manner in which this record comes here. The judge of the court below overlooked the rule of his own court governing cases of this sort, which is, that " in every application for a new trial, a *brief* of testimony . . shall be filed under the revision and approval of the court." And the oral testimony, as we have stated on former occasions, should be in narrative form. But we have made these appeals repeatedly to the courts below, and to a great extent they have been unheeded. We will see if we cannot find out a way ourselves by which this court can be protected against proceedings of this sort.

Judgment affirmed.