11835.   BIBB REALTY COMPANY *v.* FULGHUM & COMPANY.

STEPHENS, J.   1. Where a building contractor contracted with the owner to perform certain services in the construction of a building, the compensation being a fixed amount to be paid in part in certain stipulated monthly installments, and where, during the performance of the contract and before its completion, the entire interest in the lot and the interest in the contract were sold by the owner and acquired by a third party, who, under negotiations with the same supervising architect who had devised the original plans and had been employed by the original owner to supervise the construction of the building, changed the original plans of the building, and enlarged thereon and planned for a building larger and costing more than as originally planned, and where the contractor, with knowledge of these facts and without any specific agreement with the new owner, continued in the capacity of contractor under the new conditions, and received from the new owner monthly installments in amounts equal to those provided in the original con-

tract, the inference is authorized that the contractor was continuing to work for the new owner for the same compensation fixed by the original contract, and that the contractor knew that the new owner so understood and believed. On a suit by the contractor against the new owner to recover on quantum meruit, for the services thus rendered to the defendant, a greater sum than he would have been entitled to under the original contract, where the above facts appeared from the evidence, section 4267 of the Civil Code (1910) was applicable, and that section, or its substance, should have been given in charge to the jury without qualification. The section reads as follows: "The intention of the parties may differ among themselves. In such case, the meaning placed on the contract by one party, and known to be thus understood by the other party, at the time, shall be held as the true meaning."

2. Under the conditions above narrated, where there is no express agreement between the contractor and the new owner obligating the contractor to perform services to the new owner under the terms of the original contract as to compensation, it may be inferred, from all the facts and circumstances of the entire transaction and the knowledge of the same by the contractor, that the contractor impliedly agreed to perform his services under the original contract and for the compensation therein provided; and this theory of the evidence should have been fully submitted to the jury under appropriate instructions.

3. Properly construing the plea and answer of the defendant, the trial judge did not misstate the defendant's contentions.

4. Certain writings offered in evidence by the defendant, the exclusion of which is excepted to in the first, second, third, and fourth grounds of the amendment to the motion for a new trial, were properly excluded, since it does not appear that they were written by the plaintiff or by his authority or by his authorized agent. Nor were they admissible for the purpose of impeachment as being previous contradictory statements of the writers, since no foundation was laid for their admission for this purpose.

5. Except as above indicated, there appears no error as complained of in any of the grounds of the motion for a new trial.

6. The defendant's motion for a new trial should have been sustained.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*

DECIDED SEPTEMBER 27, 1921.

Lien foreclosure; from Bibb superior court — Judge Mathews. August 19, 1921.

*Jones, Park & Johnston, Hall, Grice & Bloch,* for plaintiff in error. *Ryals & Anderson,* contra.