### A89A0843. HOLYOKE MUTUAL INSURANCE COMPANY v. CHEROKEE INSURANCE COMPANY et al.
(386 SE2d 524)

BIRDSONG, Judge.

This appeal concerns the construction of two identical "other insurance" clauses in insurance policies issued by appellant Holyoke Mutual Insurance Company in Salem ("Holyoke") and appellee Cherokee Insurance Company ("Cherokee") insuring the McDuffie County Board of Education. As a result of a $91,803.45 judgment against the McDuffie County Board of Education, Cherokee made demand upon Holyoke for payment of its $25,000 policy limits. In response, Holyoke filed a declaratory judgment action to clarify the respective limits of the policies. Cherokee's policy has limits of $300,000. There is no dispute that both policies are primary policies and that both insurers provide coverage on the same party, the same interest, the same property, and the same casualty.

The only dispute concerns the construction of the following "other insurance" clause which is contained in both policies: "Other insurance: The insurance afforded by this policy is primary insurance,

except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the [c]ompany's liability under this policy shall not be reduced by the existence of such other insurance.

"When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the [c]ompany shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

"(a) Contribution by Equal Shares. If all of such other valid and collectible insurance provides for contribution by equal shares, the [c]ompany shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

"(b) Contribution by Limits. If any of such other insurance does not provide for contribution by equal shares, the [c]ompany shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

Holyoke contended that the other insurance clause in its policy must be construed so that its liability is determined on a pro rata basis by policy limits under subparagraph (b). Cherokee, however, asserted that both companies should be liable for contributions by equal shares under subparagraph (a). The trial court construed the policies and ruled that the terms of the identical clauses required the companies to contribute by equal shares under subparagraph (a). Holyoke appeals from that judgment and assigns as error the trial court's construction of the policy. *Held*:

Holyoke argues that the only proper legal construction of the policy is a pro rata contribution by policy limits under subparagraph (b). It contends that close reading of the policy language reveals that Holyoke intended to provide for contribution by equal shares only if the other insurer, or insurers, provided comparable coverage. According to Holyoke, as Cherokee did not provide comparable and supporting language, we are compelled to find that pro rata contribution by policy limits is required. Holyoke, however, does not indicate where in its policy this intention is reflected, does not indicate what comparable

coverage is lacking, and does not designate what comparable and supporting language is missing in the Cherokee policy. We have closely read the policy as Holyoke suggested, and do not find that the policy language supports the construction Holyoke proposes.

Our task is to determine the intention of the parties. OCGA § 13-2-3. " '[U]nder Georgia law in attempting to ascertain the intentions of the parties, insurance contracts are governed by the ordinary rules of construction applicable to other contracts. [Cit.] The contract must be examined "as a whole" in attempting to construe any portion thereof. [Cits.] "Where the terms and conditions of a policy are unambiguous, the court must declare the contract as made by the parties. . . . Where the meaning is plain and obvious, it should be treated as literally provided therein." [Cit.]' " *U. S. Fire Ins. Co. v. Capital Ford &c.*, 257 Ga. 77, 78-79 (355 SE2d 428). Further, in construing the contract, we must give words their usual and common signification. OCGA § 13-2-2. As the terms are clear and unambiguous, we need only look to the contract to find the intention of the parties. *Health Svc. Centers v. Boddy*, 257 Ga. 378, 380 (359 SE2d 659).

Following these rules, we find nothing in the policies which requires the result Holyoke urges. The coverage argument is without merit because Holyoke has conceded that the policies provide identical coverage. If by "coverage" Holyoke intended to argue that it only intended subparagraph (a) to apply when the other insurers provided comparable limits, there is also no support in its policy for that contention. The plain language of the clause in question sets out how contribution by equal shares will be made when the limits are different: "until the share of each insurer equals the lowest applicable limit of liability under any one policy . . . ." Obviously, this clause contemplates circumstances such as in this case where the limits of the policies are not the same. Further, there is no support for Holyoke's contention that the Cherokee policy does not provide comparable and supporting language. The language in the clauses in the two policies is identical. This argument is entirely without merit.

Giving the language in the clauses its usual and customary meaning, *Griffin v. Adams*, 175 Ga. App. 715, 716 (334 SE2d 42), we find that both clauses "provide" for, i.e., permit, make available, allow, contribution by equal shares, and, therefore, subparagraph (a) applies, not subparagraph (b). The cases cited for our attention by Holyoke, neither support the position taken in this court, nor warrant the application of subparagraph (b).

In *Veillon v. Southern Farm Bureau*, 254 S2d 130 (La. App. 1971), one of the policies in question did not provide for contribution by equal shares, and obviously subparagraph (b) applied. While *Georgia Cas. &c. Co. v. Universal Underwriters Ins. Co.*, 534 F2d 1108 (5th Cir. 1976), construes the clause in this case to require application

of subparagraph (b), it does so because that court found the language in subparagraph (a) did not *require* contribution by equal share. We do not find that to be a correct or reasonable construction of the policy. Further, we note that this interpretation has been abandoned by the U. S. Fifth Circuit Court of Appeals in later cases. See *McDaniels v. Great Atlantic &c. Co.*, 602 F2d 78 (5th Cir. 1979) and *Employers Cas. Co. v. Employers Commercial &c. Ins. Co.*, 632 F2d 1215 (5th Cir. 1980). We find the other cases cited by Holyoke in support of its contention to be equally unpersuasive.

Therefore, we find that the language in subparagraphs (a) of "both policies clearly *provide* for contribution by equal shares and neither policy provides a basis other than equal as the exclusive basis for computing contribution. The fact that the policy provides for an alternative method of apportioning the loss had there been no equal share provision in the other policy does not mean that neither policy had such an equal share provision in it. We refuse to construe the word 'provide' to require an unconditional promise." *McDaniels v. Great Atlantic &c. Co.*, supra at 83. "Each [policy] says that if the other policy provides for equal sharing, then the liability will be shared equally. Each policy also says that if the other insurance does not provide for equal contribution, then a pro-rata or proportionate method applies. In this case, both policies show a preference for contribution by equal shares." *Employers Cas. Co. v. Employers Commercial &c. Co.*, supra at 1220. Therefore, "[t]here is no question that, despite the conditional nature of the language used, both policies must be construed to provide for contribution by equal shares." *Aviles v. Burgos*, 783 F2d 270, 282 (1st Cir. 1986). See also *Federal Ins. Co. v. Cablevision Systems Dev. Co.*, 836 F2d 54, 60 (2d Cir. 1987). Accordingly, Holyoke's enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 7, 1989.

*Culbreth & Clarke, J. Caleb Clarke III*, for appellant.

*Redfern, Green & Hoffman, Brady D. Green, Surrett, Walker, Creson & Colley, John L. Creson*, for appellees.