A94A0313. MARKET PLACE SHOPPING CENTER v. BASIC BUSINESS ALTERNATIVES, INC.
(445 SE2d 824)

Judge Harold R. Banke.

The appellee, Basic Business Alternatives, Inc., d/b/a New Garden Bake Shop and Deli, filed suit against the appellant shopping center seeking damages for breach of a lease covenant, and a declaration that the appellee had no further obligations under the lease. The appellant filed a counterclaim for dispossessory and rents. Following a bench trial, judgment was entered in favor of the appellee on its breach of contract claim and for the appellant for rents due prior to April 1992. This appeal followed.

In September 1991 the appellee negotiated a lease to operate a bakery and deli in the appellant shopping center. The appellant agreed not to rent space to another bakery or deli without the appellee's permission, adding the handwritten proviso, "with the exclusion of what currently exists." However, in November 1991, the same month in which the appellee opened for business, the appellant also secured as a tenant another restaurant, Gorin's Gyro Wrap, whose menu included specialty deli sandwiches. From the time Gorin's opened in March 1992, the appellee's sales declined sharply until it closed in June 1992.

1. The appellant contends that the trial court erred in finding Gorin's Gyro Wrap to be a "deli" within the meaning of the lease covenant, because the term "deli" is ambiguous and such ambiguity should be construed against the appellee who drafted the covenant. We disagree.

In construing contracts, "we must give words their usual and common signification. OCGA § 13-2-2." *Holyoke Mut. Ins. Co. v. Cherokee Ins. Co.*, 192 Ga. App. 757, 759 (386 SE2d 524) (1989). Dictionaries may supply the plain and ordinary sense of a word, *Southern Guaranty Ins. Co. v. Duncan*, 131 Ga. App. 761 (206 SE2d 672) (1974), and the trial court consulted one in defining delicatessen as "a

store where ready-to-eat food products are sold either to be taken out or eaten on the premises, as in sandwiches." The evidence showed that Gorin's Gyro Wrap fit that definition, and the trial court did not err in finding that establishment to be a "deli."

2. The appellant next contends the trial court erred in finding that the appellant's breach excused the appellee's duty to pay rent after March 1992. However, "[i]f the nonperformance of a party to a contract is caused by the conduct of the opposite party, such conduct shall excuse the other party from performance." OCGA § 13-4-23. Although the appellee suffered some temporary business setbacks due to construction delays, the evidence showed that the only real difference in the appellee's situation after March 1992 was the competition presented by Gorin's Gyro Wrap. The appellee thus established a connection between the appellant's breach and the appellee's business loss and resultant inability to pay rent. Compare *Ott v. Vineville Market, Ltd.*, 203 Ga. App. 80 (416 SE2d 362) (1992).

3. Finally, the appellant contends the trial court applied an incorrect measure of damages for the breach of the lease covenant. "The measure of damages recoverable for a lessor's breach of covenant not to rent other stipulated premises for a competing business is the difference in value between the plaintiffs' leasehold with the covenant against competition unbroken and the same leasehold with the covenant broken. The value of said leasehold is not controlled by the stipulated rental therefor, nor the profits which the tenant could have realized from the operation of his business without the adjacent competing business." *Carusos v. Briarcliff, Inc.*, 76 Ga. App. 346, 351 (2) (45 SE2d 802) (1947).

In the instant case, the appellee presented evidence only of its costs to build out, equip and obtain supplies for use of the leased premises as a bakery and deli, and was awarded over $68,000 for that claim. However, that evidence incorrectly equated the loss of investment with the diminution of the value of the leasehold as the measure of damages. As the appellee failed to prove the diminution of the leasehold's value, the trial court erred in awarding damages for such. See *David Enterprises v. Kingston Atlanta Partners*, 211 Ga. App. 108, 110-111 (2) (438 SE2d 90) (1993).

*Judgment affirmed in part, reversed in part. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 29; 1994.

*Frankel, Hardwick, Tanenbaum & Fink, Joel S. Arogeti, Susan L. Shaver*, for appellant.

*Sylvia K. Morrow*, for appellee.