## S00A0555. BROWN et al. v. BLACKMON.
(530 SE2d 712)

CARLEY, Justice.

In addition to serving as the chief clerk of the Magistrate Court of Bartow County, Penny Blackmon was appointed as an "assistant" magistrate of that court. As wages for her performance in the latter position, she received the salary of a part-time magistrate authorized by OCGA § 15-10-23. Contending that she was a full-time magistrate, Judge Blackmon filed this mandamus action, seeking to compel Clarence Brown, in his capacity as the sole Bartow County Commissioner, to pay her the full-time salary authorized by the statute. Commissioner Brown answered the complaint and, after discovery, moved for summary judgment. The trial court denied the motion, but certified its order for immediate review. We granted Commissioner Brown's application for interlocutory appeal, to consider whether a genuine issue of material fact remains as to Judge Blackmon's entitlement to receive the compensation specified in OCGA § 15-10-23 for one who is employed as a full-time magistrate.

In essence, this is a simple suit on a contract of employment.

Judge Blackmon claims that she performed as a full-time magistrate and should be compensated in that capacity. The record shows, however, that she executed both her oath of office and her loyalty oath in the capacity of an "assistant" magistrate of Bartow County. These written oaths are an essential element of Judge Blackmon's contract of employment and, hence, of her claim for payment, as the one represents her acceptance of the chief magistrate's offer of appointment to a county office and the other constitutes a condition precedent to her right to recover any compensation as a county employee. OCGA §§ 45-3-8, 45-3-14. See also 67 CJS, Officers, § 45, p. 317. Thus, the undisputed evidence of record shows that, regardless of what she does and how much she does it, she was originally engaged only to serve as an "assistant" magistrate. If it is further undisputed that an assistant magistrate is a part-time position, then she has no viable claim for the compensation provided under OCGA § 15-10-23 for a full-time magistrate. If, on the other hand, a genuine issue of material fact remains in that regard, the trial court correctly denied Commissioner Brown's motion for summary judgment.

According to the chief magistrate of Bartow County who appointed Judge Blackmon, it was his intent that she serve as a part-time magistrate. However, in determining whether a Bartow County assistant magistrate is a full- or part-time position, the subjective intent of that county's chief magistrate, standing alone, cannot be controlling. It is a fundamental rule of contractual construction that evidence as to the intention of one party is irrelevant and inadmissible, in the absence of proof that such intention was shared by the other party. OCGA § 13-2-4; *Chambers & Co. v. Walker*, 80 Ga. 642, 644 (11) (6 SE 165) (1888); *Atlanta Street R. Co. v. City of Atlanta*, 66 Ga. 104, 109 (3) (1880). Thus, the intent of the chief magistrate as to the meaning of "assistant" magistrate is controlling if, and only if, that intent was so understood by Judge Blackmon.

A review of the record shows no dispute in that regard. In her deposition, Judge Blackmon acknowledged that an assistant magistrate in Bartow County was "on call one week a month, and that's it." Obviously, such a position is part-time and, because she was aware that that was the term of the employment which she accepted by means of her oaths, she cannot now claim that the chief magistrate engaged her to serve as a full-time magistrate. " '[T]he meaning placed on the contract by one party and known to be thus understood by the other party shall be held as the true meaning.' " *Reeves v. Daniel*, 143 Ga. 569 (2) (85 SE 756) (1915). The contention that she was a full-time magistrate is inconsistent with the provisions of the written contract formed by the offer evidenced by the chief magistrate's appointment and by the acceptance of that appointment evidenced by Judge Blackmon's execution of her oaths as an assistant

magistrate. The parol evidence rule precludes the making of such an inconsistent assertion. OCGA § 13-2-2 (1).

The gravamen of the claim appears to be that she is entitled to the compensation authorized by OCGA § 15-10-23 for a full-time magistrate simply because she performed some of the duties associated with that position and because she did so on a greater than part-time basis. However, the nature of the duties which she subsequently performed and the length of time which she expended in performing them have no bearing on whether she was originally employed to perform on a full- or part-time basis. If she performed work other than that usually required of an assistant magistrate of Bartow County, she may or may not be entitled to additional compensation under a quantum meruit theory. See generally *Bibb Realty Co. v. Fulghum & Co.*, 27 Ga. App. 378 (108 SE 554) (1921). However, that issue is not before us. The only question is whether Judge Blackmon is entitled to be compensated as a full-time magistrate under OCGA § 15-10-23 when the written contract pursuant to which she was engaged expressly provides that she was hired as an assistant magistrate. That question must be answered in the negative, because the undisputed evidence of record shows that the position of assistant magistrate is part-time only. Thus, Commissioner Brown is entitled to summary judgment, and the trial court erred in denying his motion.

*Judgment reversed. All the Justices concur, except Benham, C. J., Fletcher, P. J., and Hunstein, J., who concur specially.*

FLETCHER, Presiding Justice, concurring specially.

Rather than interpreting the employment "contract" between the chief magistrate and assistant magistrate, I would rely on the intent of the appointing authority in deciding whether the assistant magistrate serves in a full-time capacity when the order of appointment is silent on the issue. Because the undisputed evidence shows that the chief magistrate intended to appoint Blackmon to the part-time position of assistant magistrate, I conclude that the commissioner is entitled to judgment as a matter of law.

The Georgia General Assembly created a statewide system of magistrate courts in 1983, as required by the Georgia Constitution, to replace the justice of the peace courts.[1] The Georgia Code provides that the chief magistrate shall be elected by the voters of the county, and the chief magistrate shall appoint other magistrates with the consent of the superior court judges unless otherwise provided by local law.[2] OCGA § 15-10-23 sets the minimum salary for both magistrates who serve in a full-time capacity and those who serve in less

---

[1] See Ga. Const. art. VI, sec. X, para. I (1983); 1983 Ga. Laws 884.
[2] See OCGA § 15-10-20 (d).

than a full-time capacity.[3] The statute does not define who is a full-time or part-time magistrate; rather, it merely establishes that a magistrate must work at least 40 hours a week to be eligible for the minimum annual salary for full-time magistrates.

Since there are several assistant magistrates who have filed lawsuits claiming that they are entitled to pay as a full-time magistrate because they work full-time for the magistrate court, I would establish a broader rule of law than the majority opinion does. I conclude that the better approach is to determine the magistrate's status based on the appointing authority's intent rather than the magistrate's duties, job performance, or employment contract. Therefore, I would hold that the intent of the chief magistrate who makes the appointment under OCGA § 15-10-20 (d) controls in deciding whether a magistrate serves in a full-time capacity when the appointment order fails to cover the issue.

In this case, the chief magistrate appointed Penny Blackmon as an assistant magistrate judge of the Magistrate Court of Bartow County. He states that the assistant magistrate position is part-time and that he appointed Blackmon to be a part-time magistrate. Blackmon does not dispute her designation as an assistant magistrate or the fact that assistant magistrates generally work part time. Since the undisputed evidence shows that the chief magistrate intended to appoint Blackmon to the part-time position of assistant magistrate, I concur with the majority that the trial court should have granted summary judgment to the county.

I am authorized to state that Chief Justice Benham and Justice Hunstein join in this special concurrence.

DECIDED MAY 30, 2000.

*Jenkins & Nelson, G. Carey Nelson III, Peter R. Olson*, for appellants.

*Wood, Odom & Edge, Arthur B. Edge IV*, for appellee.