A00A1990. HARKINS v. CA 14TH INVESTORS, LTD.
(544 SE2d 744)

SMITH, Presiding Judge.

In this renewal action, Lee R. Harkins sought to recover damages for personal injuries incurred when he slipped and fell in the parking deck of his then employer, BellSouth Telecommunications. The parking deck was owned by 1155 Peachtree Associates, a joint venture between BellSouth Corporation, the parent company of Bell-South Telecommunications, and CA 14th Investors, Ltd. Harkins brought suit against several parties, including 1155 Peachtree and CA 14th Investors, the appellee here. 1155 Peachtree moved to dismiss or, in the alternative, for summary judgment on the ground that a joint venture is not a legal entity. The trial court granted the motion and dismissed the action as to 1155 Peachtree. That dismissal is not appealed. The trial court also granted CA 14th Investors' motion for summary judgment, made on the ground of release. The case remains pending against the other parties named. Harkins appeals, contending that the trial court erred in granting CA 14th Investors' motion for summary judgment because a jury issue remained as to whether the release covered this claim. Because we find that the release unambiguously covered claims against "related" and "affiliated" companies and that CA 14th Investors was such a company, we affirm the trial court's judgment.

At the time Harkins alleges he fell in the parking deck, July 19, 1994, he was an employee of BellSouth Telecommunications. In July 1995, he filed the original lawsuit seeking to recover damages for personal injuries resulting from the fall. He subsequently left the employ of BellSouth Telecommunications, taking advantage of an "early retirement" package known as the Career Transition Assistance Plan. In doing so, on November 25, 1996, he executed a release in consideration for the severance plan. Harkins's original lawsuit was dismissed in April 1997, and this renewal action was filed in October 1997.

The release signed by Harkins contained language by which Harkins agreed to

fully waive, discharge, and release any and all claims of whatever nature, known or unknown, I may have against BellSouth Telecommunications, Inc., its parent, subsidiaries, affiliated and related companies, their respective own-

ers, representatives, officers, directors, attorneys, agents, employees, successors and assigns (hereinafter collectively referred to as "BST") as a result of actions or omissions occurring through this date.

On a motion for summary judgment, a defendant movant must show that the evidence presents no triable issue as to any element of the plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991). Harkins contends that as the nonmovant, he must be given the benefit of all reasonable doubt in construing the release. He argues that at best this language is ambiguous because CA 14th Investors is not named and the terms "affiliated" and "related" are not defined or explained. We do not agree.

Harkins suggests he was never informed that the release would cover this claim, or any claims other than employment-related claims. But the record shows that his counsel was informed that the release would, indeed, cover this action, which was pending at the time Harkins signed the release.

Harkins also claims that when he signed the release he did not "intend" to release this claim. But he could not simply ignore the clear language of the release concerning its effect and rely on his own "intent." It is clear that he signed the release with imputed knowledge, if not actual knowledge, that the release would bar this claim. Moreover, nothing in the record suggests that Harkins's "intention" that the release not bar this claim was shared by any other party to the contract. If the intentions of the parties to a contract differ, "the meaning placed on the contract by one party and known to be thus understood by the other party at the time shall be held as the true meaning." OCGA § 13-2-4. "It is a fundamental rule of contractual construction that evidence as to the intention of one party is irrelevant and inadmissible, in the absence of proof that such intention was shared by the other party." *Brown v. Blackmon*, 272 Ga. 435, 436 (530 SE2d 712) (2000).

We find no ambiguity in the terms "affiliated" and "related" companies. "The fact that the scope of the release is broad does not make it ambiguous." (Citation and punctuation omitted.) *Rice v. Huff*, 221 Ga. App. 592, 593 (1) (472 SE2d 140) (1996). The words in a contract generally bear their "usual and common signification," OCGA § 13-2-2 (2), and dictionaries may supply the plain and ordinary meaning of a word. *Market Place Shopping Center v. Basic Business Alternatives*, 213 Ga. App. 722 (1) (445 SE2d 824) (1994). According to Black's Law Dictionary, the term "affiliate" "signifies a condition of being united; being in close connection, allied, associated, or attached as a member or branch," and an "affiliate company" is defined as a "[c]ompany effectively controlled by another company." "Related" means

"[s]tanding in relation; connected; allied; akin." Black's Law Dictionary 58, 1288 (6th ed. 1990).

BellSouth Telecommunications and 1155 Peachtree are certainly related or affiliated. They are both owned, in part, by the same company: BellSouth Corporation. And 1155 Peachtree is owned, in part, by CA 14th Investors. 1155 Peachtree therefore fits within a category of companies identified in the release. See generally *Kinard v. Worldcom*, 232 Ga. App. 278, 279 (500 SE2d 649) (1998) (company could claim benefit of release because it fit within category of "stockholder" identified in release). As an owner of an affiliated or related company, CA 14th Investors is identified in the release, in addition to being itself affiliated or related to BellSouth Telecommunications. In fact, under Georgia law, "a joint venture is not a distinct legal entity separate and apart from the parties composing it." (Citations and punctuation omitted.) *Accolades Apts. v. Fulton County*, 242 Ga. App. 214, 215 (1) (528 SE2d 268) (2000). Therefore, even if CA 14th Investors were not released as an "owner" of an affiliated or related company, it was released by virtue of the relationship of 1155 Peachtree and BellSouth Telecommunications because it, and not 1155 Peachtree, is one of the real parties in interest constituting the joint venture. See *Watson/Winter Joint Venture v. Milledge*, 224 Ga. App. 395, 397 (480 SE2d 389) (1997).

Because CA 14th Investors presented undisputed evidence showing that Harkins executed a release covering this claim, the trial court did not err in granting its motion for summary judgment.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 16, 2001.

*Strawinski & Goldberg, James S. Strawinski, Nicole L. Wolfe, Alston & Bird, George A. Koenig,* for appellant.

*Webb, Carlock, Copeland, Semler & Stair, William E. Zschunke, Melissa C. Duffey, Kilpatrick Stockton, Alan R. Perry, Jr., Marcus S. Sacks, Matthew H. Patton, J. Michael Wiggins, R. Chris Irwin,* for appellee.