**In the Matter of Jennifer JOHNSON, Debtor**

**Jennifer Johnson, Movant,**

v.

**Century Bank & Trust, Respondent.**

**No. 02–30457 RFH.**

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

Aug. 26, 2005.

---

**4.** The Court notes that the employer rather than the employee customarily provides such

documents.

Ernest V. Harris, Athens, GA, for Movant.

John T. McGoldrick, Jr., Macon, GA, for Respondent.

Tony D. Coy, Macon, GA, Chapter 13 Trustee.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

Jennifer Johnson, Movant, filed on April 12, 2005, an Objection to Claim and Motion for Sanctions.[1] Century Bank & Trust, Respondent, filed a response on May 6, 2005. Movant's objection and motion came on for hearing on May 18, 2005. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

Movant executed a promissory note dated May 14, 2001, in favor of Respondent. The principal amount of the obligation was $262,620. Movant was to repay the principal plus interest at 9.25 percent per annum by making a single payment of $268,693.09 on August 12, 2001. The promissory note provided for a five percent late charge if "any periodic payment" was not made within fifteen days after its due date. Movant's obligation was secured by a deed to secure debt on Lot 2, Granite Cove Subdivision, Greene County, Georgia (hereafter the "Granite Cove obligation").

Three months later Movant executed a promissory note dated August 12, 2001, in favor of Respondent. The principal amount of the obligation was $35,894.49. Movant was to repay the principal plus interest at 8.75 percent per annum on February 10, 2002. The promissory note provided for a default rate of interest of 16 percent if the obligation was not timely paid in full. Movant's obligation was secured by a second priority deed to secure

debt on Lot 51, Reynolds Plantation, Greene County, Georgia (hereafter the "Reynolds Plantation obligation"). Chevy Chase Bank, FSB, holds the first priority deed to secure debt. Movant's residence is located on the Reynolds Plantation property. The Reynolds Plantation property also secured, by cross-collateralization, the Granite Cove obligation.

Movant had financial problems and filed a petition under Chapter 13 of the Bankruptcy Code on March 25, 2002. The Court entered an order on August 26, 2002, confirming Movant's Chapter 13 plan. The confirmed plan provided that Movant was to pay the Reynolds Plantation obligation in full, plus interest at 8.75 percent, by making fifty-five monthly payments of $846 through her Chapter 13 plan. The confirmed plan listed the amount of the Reynolds Plantation obligation as $38,197. The confirmed plan also provided that Movant was to sell the Granite Cove property. Respondent was to receive the net proceeds of the sale at closing.

Respondent filed a proof of claim asserting a secured claim of $38,197 on the Reynolds Plantation obligation. Respondent did not file a proof of claim on the Granite Cove obligation.

A buyer was found for the Granite Cove property. The closing occurred on January 30, 2003. Respondent received the net proceeds of $251,732.40.

Respondent contends that, at the time of the closing, Movant owed $319,757.36[2] on the Granite Cove obligation. Respondent contends that, after applying the net pro-

---

1. Movant also filed on April 12, 2005, a Motion to Obtain Secured Credit and a Motion for Post–Confirmation Modification of Plan. The Court has entered orders granting these motions.

2. This amount included principal and interest of $302,771.31; a late charge of $13,439.65; actual attorney fees of $1,546.00; appraisal fee of $300.00; and insurance premiums of $1,700.40.

ceeds, there was a deficiency of $68,024.96 on the Granite Cove obligation. Movant's confirmed Chapter 13 plan made no provision for dealing with a deficiency.

Respondent's president, E. David McMillian, attended the closing on the Granite Cove property. Immediately after the closing, Mr. McMillian had Movant sign a promissory note in favor of Respondent. The principal amount of the obligation was $109,132.81. The interest rate was 8.00 percent per annum. The $109,132.81 amount calculated by Respondent includes the deficiency on the Granite Cove obligation of $68,024.96, the balance on the Reynolds Plantation obligation of $40,552.85 and administrative fees and recording fees of $555. Movant was to repay the obligation by making fifty-nine monthly payments of $911.47 and by making a balloon payment of $97,184.17 on January 28, 2008. Respondent was receiving $846 per month through Movant's Chapter 13 plan. Therefore, Respondent only required Movant to pay $65.47 per month directly to Respondent.[3] The promissory note provided that the obligation was secured by a deed to secure debt on the Reynolds Plantation property. Movant's bankruptcy counsel was not present at the closing and was not aware that Movant had executed the new promissory note.

Movant received a payment coupon book and made several monthly payments of $65.47 to Respondent. Movant and her husband separated in March 2004. They later divorced. Movant testified that she cannot make her Chapter 13 plan payments and meet her other financial obligations.

Bank South agreed to refinance Movant's residence, the Reynolds Plantation property. Movant filed on April 12, 2005, a Motion to Obtain Secured Credit and a Motion for Post–Confirmation Modification of Plan. The Court has entered orders granting these motions. Movant proposes to use the refinancing proceeds to pay in full the obligations secured by the Reynolds Plantation property. Movant and Respondent disagree on the amount that Movant owes to Respondent.

Respondent contends that Movant owes $105,898.97. Movant contends that she owes $88,628.85.[4] Respondent seeks to recover $17,270.12 more than the amount Movant contends that she owes. The amount in dispute includes a late charge of $13,439.65 on the Granite Cove obligation and "default interest" of 16 percent on the Reynolds Plantation obligation.

*Late Charge*

The Granite Cove obligation provided for a five percent late charge if "any periodic payment" was not made within fifteen days after its due date. Movant was to repay the obligation by making a single payment of $268,693.09 on August 12, 2001. Movant failed to make this payment.[5] Respondent contends that it is entitled to a late charge of $13,439.65.[6] Mr. McMillian testified that Respondent decided to collect the late charge postconfirmation when it appeared that Movant would be able to sell the Granite Cove property. Movant contends that a single payment for

---

3. $911.47 minus $846 = $65.47.

4. Movant's contends that she owes $65,749.21 on the Granite Cove deficiency and $22,879.64 on the Reynolds Plantation obligation.

5. Movant paid part of the obligation when the Granite Cove property was sold on January 30, 2003.

6. $268,693.09 × 5% = $13,434.65. The Court notes a difference of $5.00 in the amount that Respondent seeks.

the full amount of the obligation is not a "periodic payment."

Section 3 (A) of the Granite Cove promissory note provides:

3. Payments

**(A) Periodic Payments**

I will pay principal and interest by making periodic payments when scheduled:

☐ I will make ............... payments of $ .............. each on the ............. of each ......... beginning on .............

☒ **I will make payments as follows:**

**ONE PAYMENT OF 268,693.09 DUE ON AUGUST 12, 2001**

☐ In addition to the payments described above, I will pay a "Balloon Payment" of $ ........... on ........... The Note Holder will deliver or mail to me notice prior to maturity that the Balloon Payment is due. This notice will state the Balloon Payment amount and the date that it is due.

(emphasis added).

■ "In construing a contract words generally bear their usual and common significance. If the terms used are clear and unambiguous they are to be taken and understood in their plain, ordinary, and popular sense. Dictionaries supply the plain, ordinary and popular sense." *Henderson v. Henderson,* 152 Ga.App. 846, 264 S.E.2d 299, 301 (1979). *See Market Place Shopping Center v. Basic Business Alternatives, Inc.,* 213 Ga.App. 722, 445 S.E.2d 824, 825–26 (1994).

Black's Law Dictionary defines lump-sum payment and periodic payment as follows:

*lump-sum payment.* A payment of a large amount all at once, as opposed to

smaller payments over time. Cf. *Periodic payment.*

*periodic payment.* One of a series of payments made over time instead of a one-time payment for the full amount. Cf. *lump-sum payment.*

Black's Law Dictionary 1165 (8th ed 2004).

■ The Court is persuaded that the usual and common understanding of "periodic payment" does not include the making of a single payment for the full amount.

Respondent urges the Court to look to the promissory note for the meaning of "periodic payment." The heading of Section 3(A) is "Periodic Payments." Respondent contends that a single payment called for under this heading is a periodic payment.

■ Under Georgia law, the goal in construing a contract is to ascertain the intent of the parties. In doing so, the court must consider the contract as a whole. *SGE Mortgage Funding Corp. v. Accent Mortgage Services, Inc. (In re SGE Mortgage Funding Corp.),* 298 B.R. 854, 860 (Bankr.M.D.Ga.2003) (Laney, J.)

■ When "construction of a contract is doubtful, it is to be construed most strongly against the party who prepared it." *Kennedy v. Brand Banking Co.,* 245 Ga. 496, 266 S.E.2d 154, 157 (1980).

■ Respondent prepared the promissory note which called for Movant to make a single payment of the full amount. The promissory note states that Respondent was entitled to a late charge if Movant missed a periodic payment. Periodic payment means one of a series of payments made over time instead of a single payment for the full amount. Since the promissory note did not provide for periodic payments, Movant could not have missed a periodic payment. The Court is not per-

suaded that Respondent is entitled to a late charge.

*Default Rate of Interest*

Respondent contends that it is entitled to "default interest" of 16 percent on the Reynolds Plantation obligation. Respondent seeks in excess of $3,000 in default interest. At the hearing on May 18, 2005, neither Respondent's president nor its counsel could explain how Respondent calculated the default interest.

▆▆▆ The provisions of a confirmed Chapter 13 plan are binding on the debtor and the creditors. 11 U.S.C.A. § 1327(a) (West 2004).[7] Respondent filed a proof of claim on the Reynolds Plantation obligation in the amount of $38,197. This is the same amount that is to be paid in full through Movant's confirmed Chapter 13 plan. The interest rate is set forth in the Chapter 13 plan. The Court is persuaded that Respondent is bound by the provisions of Movant's confirmed Chapter 13 plan. The Court is not persuaded that Respondent is entitled to a default rate of interest.

*Automatic Stay Violation*

Movant contends that Respondent violated the automatic stay of the Bankruptcy Code[8] by having Movant sign a new promissory note immediately after the closing on the Granite Cove property. The new promissory note included the balance owed on the Reynolds Plantation obligation. The Reynolds Plantation obligation is being paid through Movant's confirmed Chapter 13 plan. Respondent has not received any payments on the Reynolds Plantation obligation outside of the Chapter 13 plan.

The new promissory note also included the balance owed on the Granite Cove obligation. Movant's confirmed Chapter 13 plan made no provision for dealing with this obligation. The Granite Cove obligation was cross-collateralized by the Reynolds Plantation property.

Movant's bankruptcy counsel was not present at the closing on the Granite Cove property. Movant did not advise her bankruptcy counsel that she had executed the new promissory note.

▆▆▆ The Court is not persuaded that Respondent willfully violated the automatic stay or the provisions of the confirmed Chapter 13 plan. The confirmed plan made no provision for dealing with the deficiency on the Granite Cove obligation, which was cross-collateralized by the Reynolds Plantation property. Respondent has not received any payments outside of the Chapter 13 plan on the Reynolds Plantation obligation. The Court is not persuaded that Movant is entitled to any damages.

An order in accordance with this memorandum opinion will be entered this date.

---

7. Section 1327(a) provides:
   **§ 1327. Effect of confirmation**
   **(a)** The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
   *11 U.S.C.A. § 1327(a) (West 2004).*

8. 11 U.S.C.A § 362 (West 2004).